UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA DIANN TAYLOR,

    Plaintiff,

v.                                           Case No.:  3:21-cv-1290-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# ORDER

This cause is before the Court on Plaintiff Patricia Diann Taylor's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 27). Plaintiff requests that the Court enter an order awarding attorney fees in the amount of $6,270.99 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner filed a Response in Opposition, contesting the number of hours expended. (Doc. 28). With leave of Court, Plaintiff filed a Reply. (Doc. 31). For the reasons explained below, the Court finds that Plaintiff's request will be granted in part.

For Plaintiff to receive an award of fees under EAJA, these five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the

Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that the five conditions are met. Therefore, all the conditions for EAJA fees have been satisfied.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The Commissioner does not contest the requested hourly rates.

Plaintiff has three types of providers for legal services: attorneys admitted to practice in the Middle District of Florida; licensed attorneys not permitted to practice in the Middle District of Florida; and paralegals. Beginning with counsel who is

licensed to practice in the Middle District of Florida, Phyllis Jean Nowlan and Daniel Brady, Plaintiff requests hourly rates of $214.29 for the year 2021, and $232.67 for the year 2022. (Doc. 27, p. 4-5). For licensed attorneys not admitted to practice here, Howard D. Olinsky, Andrew Flemming, and Matthew McGarry, Plaintiff requests a paralegal hourly rate of $125.00. Lastly, Plaintiff requests the hourly rate of $75.00 for paralegals Jake Marshall, Almir Salkic, Kristen Harrington, Georgianna Saenz, Jordan Harcleroad, Nicole Addley, Craig Lewis, and Catherine Fiorini. (Doc. 27, p. 5). Without objection and after careful review, the Court finds these rate reasonable.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff's counsel and paralegals spent a total of 33 hours in EAJA related representation of Plaintiff before this Court. (Doc. 27-1).

The Commissioners objections revolve around the number of hours spent on EAJA related tasks in four areas: (1) the inclusion of clerical tasks; (2) block billing; (3) the inclusion of duplicative entries for writing the brief; and (4) overstaffing the case. (Doc. 28, p. 2). Other than indicating one entry that the Commissioner claims is duplicative, the Commissioner simply "believes the court should carefully scrutinize Plaintiff's EAJA petition" in the above areas and summarily states that a

reduction of 12.9 hours of time "may be warranted." (Doc. 28, p. 1-2). Without citation to legal authority and to specific time entries, this Response is neither helpful to the Court nor to opposing counsel. In any event, as with all such motions, the Court scrutinized the number of hours spent to determine whether they were reasonable.

To begin, clerical tasks are not compensable under EAJA. *Zabala v. Comm'r of Soc. Sec.*, No. 6:17-cv-628-ORL-TBS, 2018 WL 6589837, *3 (M.D. Fla. Dec. 14, 2018) (internal quotations and citations omitted). These tasks include work "which could have been done by support staff." *Id.* As determined by courts in this District, the tasks below are clerical:

- 11/5/2021 Files received, reviewed and processed from referral source for attorney review, .6 hours, paralegal Almir Salkic

- 12/29/2021 FDC contract and other rep documents prepared for Client completion, .6 hours, paralegal Georgianna Saenz

- 12/29/2021 FDC contract and other rep documents returned via AssureSign, reviewed for completion, .3 hours, paralegal Georgianna Saenz

- 4/4/2022 Combine, OCR and live bookmark federal court transcript (1309 pages), 1.3 hours, paralegal Craig Lewis

(Doc. 27-1, p. 2,3); *see Torres v. Kijakazi*, No. 6:20-cv-1471-JRK, 2022 WL 6163063, at *3 (M.D. Fla. Oct. 7, 2022) (collecting cases). As clerical tasks, these tasks should not be compensated. Therefore, 2.8 hours at a rate of $75.00 per hour, for a total of $210.00 will be deducted.

The Commissioner argues that hours for block billing and overstaffing the case should be deducted without pointing to any specific entries. (Doc. 28, p. 2). While a few entries contain more than one task, these tasks are closely related. And while many attorneys and paralegals worked on the case, no entry appears duplicative or excessive. Thus, the entries do not warrant a deduction for block billing or overstaffing.

Finally, the Commissioner contends that on June 1, 2022, Plaintiff included duplicate billing for drafting the brief. (Doc, 28, p. 2). The two entries are:

- 6/01/2022 Review certified administrative record, taking notes and organizing facts, 7.9 hours, attorney Daniel Brady

- 6/01/2022 Finish review of CAR, drafting procedural section and drafting facts, 7.8 hours, attorney Daniel Brady

(Doc. 27-1, p. 3). In the Reply, Plaintiff explained that "due to the configuration of Counsel's client management system," the first entry on June 1, 2022, properly reflected counsel's time of 7.9 hours on the brief; but much of the second entry, 7.9 hour, actually occurred on June 2, 2022. (Doc. 31, p. 2-3). The client management system had changed the date to June 1, 2022. (Doc. 31, p. 3). From June 1 to June 3, 2022, Mr. Brady spent a total of 21.5 hours drafting the brief, which does not appear excessive. A deduction for duplicative tasks is not warranted.

Plaintiff also seeks an additional 2.7 hours at a rate of $125 per hour for preparing the reply. In the Commissioner's response, the Commissioner contends

that if the Court agrees that a reduction 12.9 hours is appropriate, then fees for filing a reply should be denied, citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990). (Doc. 28, p. 2). The additional time spent preparing the Reply assisted the Court regarding the questionable duplicate time entry. Plaintiff succeeded on this disputed issue. Plus, the Commissioner's Response lacked citation to legal authority and citation to the time records on many issues raised. As a result, the Court will award these additional fees.

Plaintiff attached an Affirmation and Waiver of Direct Payment of EAJA Fees form. (Doc. 27-15). In the Affirmation, Plaintiff agrees to waive direct payment of EAJA fees and assigns these fees to be paid directly to counsel. Rather than ordering fees be paid directly to counsel, the trend appears to be toward leaving the matter to the discretion of the Commissioner. *See Torres v. Kijakazi*, No. 6:20-cv-1471-JRK, 2022 WL 6163063, at *4 (M.D. Fla. Oct. 7, 2022) (collecting cases). The Court will follow this trend.

In sum, the Court finds a deduction of $210 warranted for the inclusion of clerical tasks. The Court further finds Plaintiff's additional request for fees for the Reply of 2.7 hours at a rate of $125.00 per hour, for a total of $337.50 warranted. Thus, the Court awards $6,398.49 ($6,270.99 - $210.00 + $337.50 = $6,398.49) in attorney and paralegal fees.

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 27) is **GRANTED in part** and fees totaling $6,398.49 are awarded to Plaintiff. In all other respects, the Motion is **DENIED**.

(2) The Commissioner may exercise her discretion to honor Plaintiff's assignment of fees to counsel if the United States Department of the Treasury determines that Plaintiff owes no federal debt.

(3) The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on June 20, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties